**Salmeron Salvatierra SALVADOR
Petitioner—Appellant,**

v.

**John ASHCROFT, Atty General; Attorney General of the State of California Respondents—Appellees.**

No. 01–57009.

D.C. CV–01–00787–JTM–(AJB).

United States Court of Appeals,
Ninth Circuit.

Submitted[1] Sept. 13, 2002.

Decided Jan. 16, 2003.

Appeal from the United States District Court for the Southern District of California, Jeffrey T. Miller, District Judge, Presiding.

Before SCHROEDER, Chief Judge, FLETCHER, Circuit Judge and WEINER, District Judge.[2]

---

1. The Panel unanimously finds this case suitable for decision without oral argument. *See* Fed.R.App.P. 34(a)(2).

2. Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

## MEMORANDUM[3]

Salmeron Salvatierra Salvador appeals the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition, which challenged a removal order issued by the Bureau of Immigration Appeals. We affirm.

Section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h), precludes any discretionary waiver of deportation by the Attorney General for "an alien lawfully admitted for permanent residence if ... since the date of such admission, the alien has been convicted of an aggravated felony." Salvador's argument that the Immigration Judge violated his due process rights by not advising him that he could apply for relief under § 212(h) has no merit. The record reflects that Salvador was convicted of three counts of child sexual abuse, an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(A) (defining "aggravated felony" to include "murder, rape, or sexual abuse of a minor."). Since he was not eligible for a discretionary waiver, the Immigration Judge's failure to advise him that he could apply for one was not a constitutional defect.

The holding of *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), is inapplicable to Salvador's situation. In *St. Cyr*, the Supreme Court held that § 212(c) relief remained available for aliens, like St. Cyr, whose convictions were obtained through plea agreements and who would have been eligible for § 212(c) relief at the time of their plea under the law then in effect. Salvador is not similarly situated to St. Cyr in particular since his convictions were obtained by a jury verdict, not a plea agreement. As such, "[t]he factors that militated in favor of St. Cyr—his 'settled expectations' based on 'transactions or considerations already past'—are not present [here]." *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602 (9th Cir.2002). Unlike St. Cyr, who gave up valuable rights and preserved others when entering into a plea agreement with the government, Salvador's convictions imposed upon him all the legal liabilities stemming from those convictions. Accordingly, there is no compelling factor preventing the retroactive application of the IIRIRA rules foreclosing the Attorney General's discretion to waive his deportation.

Finally, Salvador's equal protection argument is foreclosed by our holding in *Taniguchi v. Schultz*, 303 F.3d 950, 957–58 (9th Cir.2002) (rational basis exists for denying the § 212(h) waiver to aggravated felon lawful permanent residents but not to other aliens).

AFFIRMED.

**3.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.